# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:04cr143 |
| | § | (Judge Brown) |
| TALMAGE LARRY ROBINSON | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 19, 2005 to determine whether the Defendant violated his supervised release. The Defendant was represented by Denise Benson. The Government was represented by Joe Monsivais.

On January 29, 2001, the Defendant was sentenced by the Honorable Terry R. Means of the Northern District of Texas to 60 months custody followed by a 5-year term of supervised release for the offense of Conspiracy to Manufacture More Than 50 Grams of Methamphetamine. Jurisdiction of this case was transferred to the Eastern District of Texas on September 22, 2004. On April 9, 2004, Defendant completed his period of imprisonment and began service of his supervised term.

On May 3, 2005, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) The Defendant shall refrain from excessive use

of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or paraphernalia related to such substances, except as prescribed by a physician; (2) The Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and/or all other intoxicants during and after completion of the treatment, and contributing to the costs of services rendered in an amount to be determined by the probation officer based on ability to pay or ability of third-party payment.

The petition alleges that the Defendant committed the following acts:  (1) On April 27, 2004, April 28, 2004, May 18, 2004, June 2, 2004, February 9, 2004, and March 7, 2004, the defendant submitted urine specimens that tested positive for methamphetamine; (2) Defendant failed to submit urine specimens for testing on May 22, 2004, June 7, 2004, June 15, 2004, June 21, 2004, June 22, 2004, January 25, 2004, February 8, 2005, February 12, 2005, and February 15, 2005; and (3) Defendant failed to attend drug aftercare counseling and random urine collection for the month of March 2005, with the exception of March 10, 2005, as instructed, at Addiction Recovery Center, Lewisville, Texas, and was unsuccessfully discharged on April 1, 2005.

Prior to the Government putting on its case, the Defendant entered a plea of true to all of the above listed violations.  At the hearing, the Court recommended

that the Defendant's supervised release be revoked.

### RECOMMENDATION

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no supervised release to follow. The Court further recommends that Defendant be placed in the Fort Worth, Texas facility to have his medical needs evaluated and that Defendant complete a 500-hour drug treatment program while in custody.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 20th day of May, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE